```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
CALLON PETROLEUM COMPANY,

                    Plaintiff,           MEMORANDUM & ORDER
                                         06-CV-0573 (JS)(MLO)
          -against-

NATIONAL INDEMNITY COMPANY and
ERIC R. DINALLO, Superintendent of
Insurance of the State of New York,
in his capacity as Rehabilitator
of Frontier Insurance Company,

                    Defendants.
-----------------------------------X

Appearances:
For Plaintiff:       Donald J. Cayea, Esq.
                     Jones Hirsch Connors & Bull P.C.
                     1 Battery Park Plaza
                     New York, NY 10004

For Defendants:
National Indemnity   Kevin G. Snover, Esq.
                     816 Deer Park Avenue
                     North Babylon, NY 11703

Eric R. Dinallo      William F. Costigan, Esq.
                     Dornbush Schaeffer Strongin & Venaglia, LLP
                     747 Third Ave, 11th Floor
                     New York, NY 10017
```

SEYBERT, District Judge:

       Pending before the Court is Plaintiff's motion for reconsideration of the Court's Order denying its motion to amend the Complaint to include a statutory claim for punitive damages and penalties based upon National Indemnity Company's ("NICO") bad faith failure to make a timely payment following the submission of the bond claim, under Louisiana Law L.R.S.A. 22: 1982 and L.R.S.A. 22: 1220.

For the reasons below, the Court DENIES Plaintiff's motion.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case. For a more detailed discussion of the underlying facts, see the Court's March 2007 Order (Docket Entry 7) and August 25, 2009 Order ("August 2009 Order") (Docket Entry 41).

DISCUSSION

I. Standard Of Review On Motion For Reconsideration

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 U.S. Dist. LEXIS 17820, at *4 (E.D.N.Y. March 14, 2007). Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132,

135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Rule 60(b) of the Federal Rules of Civil Procedure provides relief from a judgment for, inter alia, mistakes, inadvertence, excusable neglect, newly discovered evidence, and fraud. FED. R. CIV. P. 60(b). Rule 60(b) provides "extraordinary judicial relief" that may "only be granted upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

II. Plaintiff's Claims are Futile for Previously-Stated Reasons and in Light of Jurupa Valley Spectrum v. National Indemnity

Under rule 15(a) of the Federal Rules of Civil Procedure, a motion to amend should be denied if and only if there has been evidence of an undue delay, bad faith, or futility of the amendment, and perhaps most important, the resulting undue prejudice to the opposing party. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); State Teachers Retirement Bd. v. Fluor Corp., 654 F. 2d 843, 856 (2d Cir. 1981). Granting leave to file an amended complaint is futile where the claims therein would not survive a motion to dismiss. Dougherty v. Town of North Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002). To survive a motion to dismiss, the complaint does not need "detailed factual allegations[,]" but must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In addition, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." Id. In other words, despite the policy of granting leave freely, "leave need not be granted to permit an amendment embodying plainly defective claims." Henneberry v. Sumitomo Corp. of Am., 532 F. Supp. 2d 523, 531 (S.D.N.Y. 2007) (quoting Valdan Sportswear v. Montgomery Ward & Co., 591 F. Supp. 1188, 1190 (S.D.N.Y. 1984)).

In the present case, Plaintiff sought to include in its Amended Complaint a statutory claim for punitive damages and penalties under Louisiana law. Louisiana law, permits an insured or a third party, to seek punitive damages against the insurer for the insurer's failure to make a timely payment following the submission of the claim where the failure is arbitrary, capricious or without probable cause. La. Rev. Stat. Ann. 22:1892. In its August 2009 Order, the Court noted that Plaintiff failed to provide any evidence that Louisiana law is even applicable to the Reinsurance Agreement, and ultimately found that New York law governed.

In its current application, Plaintiff once again argues that it is entitled to amend its Complaint, this time relying on the doctrine of "depacage." "Depecage occurs where the rules of one

4

legal system are applied to regulate certain issues arising from a given transaction or occurrence, while those of another system regulate the other issues. The technique permits a more nuanced handling of certain multistate situations and thus forwards the policy of aptness." Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 795 (2d Cir. 1980) (citations omitted). But the cases Plaintiff cites provide no support for the usage of this doctrine here, and the one case Plaintiff fails to cite is controlling authority cutting directly against its arguments.

In Jurupa Valley Spectrum v. National Indemnity Company, the Second Circuit determined that Jurupa, a third party surety claimant of Frontier like Callon, lacked contractual privity with National Indemnity, the reinsurer because no "cut through" provision existed granting the plaintiff a direct right of action against National Indemnity and the reinsurance agreement was not assumption reinsurance. 555 F.3d 87 (2d Cir. 2009). The Court further found that Jurupa could not maintain any cause of action against National Indemnity as a matter of law. Id. (citing China Union Lines, Ltd. v. Am. Marine Underwriters, Inc., 755 F.2d 26, 30 (2d Cir. 1985) (holding that as a general rule, reinsurance contracts are contracts of indemnity, which give the original assured no right of action against the reinsurer unless the reinsurer expressly agrees to be directly liable to the original assured.)) Accordingly, the Second

Circuit affirmed the dismissal of Jurupa's complaint by the Federal District Court for the Southern District of New York.

As NICO correctly points out in its opposition papers, Callon has no different and no better claim than Jurupa. In an attempt to circumvent Jurupa's holdings, Callon cites provisions of the Reinsurance Agreement that provide for direct payment by NICO to Plaintiff in the event of Frontier's default, and therefore argue that a cut through should be implied. But these provisions are identical to those provisions cited by the Plaintiffs in Jurupa, because they are contained in the same agreement. Essentially, Plaintiff's arguments have already been rejected by the Second Circuit, and Plaintiff's possession of a judgment against Frontier does not change these circumstances.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to amend the Complaint. Moreover, in light of Jurupa, Plaintiff should seriously consider the consequences of continuing forward with this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2010
       Central Islip, New York