```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CALLON PETROLEUM CO.,

                    Plaintiff,

       -against-                              MEMORANDUM & ORDER
                                              06-CV-0573(JS)(ARL)
NATIONAL INDEMNITY COMPANY and
ERIC R. DINALLO, Superintendent of
Insurance of the State of New York,
in his capacity as Rehabilitator
of Frontier Insurance Company,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Donald J. Cayea, Esq.
                    Litchfield Cavo LLP
                    420 Lexington Avenue, Suite 2104
                    New York, NY 10170

For Defendants:
National Indemnity  Kevin G. Snover, Esq.
                    816 Deer Park Avenue
                    North Babylon, NY 11703

James J. Wrynn,     William F. Costigan, Esq.
as Rehabilitator    Dornbush Schaeffer Strongin & Venaglia, LLP
of Frontier         747 Third Avenue, 11th Floor
                    New York, NY 10017
```

SEYBERT, District Judge:

Plaintiff Callon Petroleum Company ("Plaintiff") obtained a judgment against Frontier Insurance Company ("Frontier") in Louisiana (the "Louisiana Judgment"). Plaintiff commenced this suit to collect on the judgment out of proceeds from Frontier's reinsurer, Defendant National Indemnity Company ("NICO"). On December 23, 2010, the Court granted Defendants'

motion for judgment on the pleadings, holding that the Second Circuit's decision in Jurupa Valley Spectrum v. Nat'l Indemnity Company, 555 F.3d 87 (2d Cir. 2009), foreclosed the argument that the reinsurance agreement between Frontier and NICO had "cut-through" rights that would permit Plaintiff to sue NICO directly. See Callon Petroleum Co. v. National Indem. Co., No. 06-CV-0573, 2010 WL 5437210, at *4-5 (E.D.N.Y. Dec. 23, 2010) (the "December Order"). Pending before the Court is Plaintiff's motion to reconsider the December Order pursuant to Federal Rule of Civil Procedure 59(e). This motion is DENIED.

Rule 59(e) permits a moving party to file a motion for reconsideration when it believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted

when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

In its December Order, the Court rejected the arguments Plaintiff advances in its present motion for reconsideration. Specifically, the Court held that notwithstanding Plaintiff's attempts to distinguish its claims from those of the plaintiff in Jurupa, the Second Circuit's analysis left no room for a different outcome. (December Order at 11.) Plaintiff argues that the reinsurance agreement contained an implied "cut-through rights" clause because the contract could be read to require NICO to pay funds directly to Frontier's insureds. (See Pl. Mot. 4, 8-9.) In Jurupa, the Second Circuit explicitly rejected this theory:

> Jurupa contends that this language is substantively identical to the "cut through" provision recognized in Trans-Resources, Inc. v. Nausch Hogan & Murray, 298 A.D.2d 27, 746 N.Y.S.2d 701, 705 (N.Y. App. Div. 2002). We disagree. In the first place, the language in Trans-Resources included the agreement of the reinsurer "to pay directly to the named insured." Id. at 706. The language of the present reinsurance, while it provides that the reinsurer "shall pay all amounts due Insured," does not specify to whom the payments will be made. In addition, Article 14 of the Reinsurance Agreement explicitly provides that no one

3

> other than the reinsured shall have any rights or remedies against the reinsurer. **The Reinsurance Agreement cannot reasonably be read to provide a "cut through."** (While in Trans-Resources, similar disavowal language was in a certificate issued by the non-lead underwriter prior to the issuance of the policy agreement, with a warning that the actual conditions would later be set forth by the lead underwriter in the policy agreement itself, the policy contained no such disavowal. Id. at 705-06.) We agree with the district court that Article 1 does not authorize a "cut through."

Jurupa, 555 F.3d at 89 (emphasis added). Whether or not the Louisiana Judgment was an "Ultimate Net Loss," as Plaintiff emphasizes (see Pl. Mot. 6), is immaterial in the face of Jurupa's clear guidance.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider the December Order is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   October   11  , 2011
         Central Islip, New York

4